UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

ALEKSANDR YAZICHYAN,

Petitioner,

v.

TODD M. LYONS, *et al.*,

Respondents.

No. 5:26-cv-01565-AYP

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## I.    INTRODUCTION

Petitioner Aleksandr Yazichyan ("Petitioner") is an immigration detainee proceeding with a petition for writ of habeas corpus (the "Petition") filed on March 31, 2026. (Dkt. No. 1.) Petitioner is a noncitizen and native of Armenia who has been subject to a final order of removal since on or about December 2004. (Dkt. No. 1-5.) Petitioner requests this Court issue a Writ of Habeas Corpus ordering Respondents to (1) immediately release Petitioner under appropriate supervision; or, in the alternative, (2) to provide a bond hearing within seven (7) days; (3) prohibit re-detention absent genuine, documented changed circumstances establishing significant likelihood of removal; and (4) grant any other further relief as the Court may deem just and appropriate. For the following reasons, the Court **DENIES** the Petition for Writ of Habeas Corpus.

## II.    FACTUAL BACKGROUND

Petitioner is a native and citizen of Armenia. (Dkt. No. 1-1.) Petitioner represents that on or around 2002, Petitioner entered the United States and was detained at Los Angeles International Airport. (Dkt. No. 1 ¶13.) Petitioner asserts that on August 5, 2003, an Immigration Judge denied Petitioner's Form I-589 Application for Asylum and Withholding of Removal and ordered him removed to Armenia. (Dkt. No. 1 ¶14.) Petitioner contends that on December 9, 2004, the BIA dismissed Mr. Yazichyan's appeal but remanded to the Immigration Judge to grant voluntary departure. (Dkt. No. 1 ¶15.)

Petitioner asserts that he was re-detained on March 8, 2026, at a local 7-Eleven convenience store. (Dkt. No. 1 ¶17.) Petitioner represents that he remained detained by U.S. Immigration and Customs Enforcement at Adelanto Detention Facility as of the filing of the instant Petition. (Dkt. No. 1 ¶20.)  On April 17, 2026, Respondents provided the Court with a Notice Of Intended Removal Of Petitioner to Armenia. (Dkt. No. 11.) Respondents subsequently provided the Court with documentation demonstrating their efforts to secure Petitioner's successful removal to Armenia. (Dkt. No. 15.)

Petitioner filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2241 on March 31, 2026. (Dkt. No. 1.) Respondents filed their Response (the "Response") on April 10, 2026. (Dkt. No. 9.) Both parties have consented to proceed before the Magistrate Judge. The matter is now fully briefed and submitted for decision.

## III.    DISCUSSION

Petitioner argues his detention, post-final removal order, without an adequate bond hearing, violates 8 C.F.R. §§ 241.4 and 241.13, the Fifth Amendment's Due Process Clause, and INA § 287. Respondents argue Petitioner's detention pending removal is statutorily authorized. Respondents further contend that there is no right to a bond hearing where an individual is subject to a final order of removal under 8

U.S.C. § 1231(a)(6).

**A.      Petitioner's Re-Detention to Effectuate his Removal is Authorized Under 8 U.S.C. § 1231 and *Zadvydas***

After the completion of removal proceedings, the detention, release and removal of an alien who has been ordered removed is governed by 8 U.S.C. § 1231(a). *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) (referring to § 1231 as the "post-removal-period detention statute."). Section § 1231(a) governs detention after the entry of a final order of removal. Detention during a 90-day "removal period" after the entry of a final order of removal is mandatory. *See* 8 U.S.C. § 1231(a)(1)-(2). An order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order." *Ocampo v. Holder*, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)).

In *Zadvydas*, the Supreme Court held that § 1231 "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* at 689–90. The Court instead interpreted § 1231(a)(6) to permit detention only where removal is "reasonably foreseeable." *Id.* at 699. To effectuate this limit, the Court found it "practically necessary to recognize some presumptively reasonable period of detention," which it set at six months. *Id.* at 701. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

"[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. If released, an alien subject to a final order of removal must comply with certain conditions of release. 8 U.S.C. § 1231(a)(3), (6). The Government may revoke that grant of release. "The revocation of release is governed

by 8 C.F.R. § 241.13(i), which authorizes ICE to revoke an alien's release for purposes of removal." *Van Minh v. Dep't of Homeland Sec.*, No. 5:25-CV-02245-HDV-JDE, 2025 WL 2624361, at *2 (C.D. Cal. Sept. 10, 2025). An alien's release may be revoked "if, on account of changed circumstances," it is determined that "there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Upon revocation, the alien must be provided notice of the reasons for revocation of his release, and a prompt informal interview to afford the alien an opportunity to respond. 8 C.F.R. § 241.13(i)(3).

The Court finds that Petitioner's detention is authorized by § 1231(a)(6) because his removal is "reasonably foreseeable." It is undisputed by the parties that Petitioner has a final order of removal. (Dkt. No. 1 ¶1; Dkt. No. 9 at 1.) Petitioner's order of removal is administratively final; thus his detention is governed by § 1231(a). As of the filing of the Petition, Petitioner has not been detained beyond the presumptively reasonable period of detention of six months.

Further, a noncitizen's detention is authorized if the Respondents are attempting to bring about the alien's removal from the United States. Respondents have taken steps to effectuate Petitioner's deportation. (Dkt. No. 15.)

Petitioner's ongoing detention advances § 1231's basic purpose because there is reason to think that the Government can, and will, remove him to Armenia on April 24, 2026. Accordingly, the Court concludes that Petitioner's continued detention is lawful.

**B.    Petitioner's Remaining Claims**

Because the Court concludes that Petitioner's detention is authorized under statutory grounds, it declines to address his alternative arguments.

**IV.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that: (1) Judgment be entered DENYING the Petition; (2) Respondents shall file a status report no later than

May 12, 2026, confirming that Petitioner has been removed to Armenia.

     IT IS SO ORDERED.

Dated: May 6, 2026

_____

HONORABLE ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE